UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LENIER AYERS,

　　　　　　　Plaintiff,

　　v.

LESLIE SZIEBERT, *et al.*,

　　　　　　　Defendant.

Case No.  C07-5520 RJB/KLS

REPORT AND
RECOMMENDATION TO DENY
APPLICATION TO PROCEED *IN
FORMA PAUPERIS*

**NOTED FOR:
December 14, 2007**

　　　　Plaintiff has filed a civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. (Dkt. # 1).  The Court was advised that Plaintiff was to receive settlement proceeds in another case and, therefore, asked Plaintiff to show cause why those settlement proceeds should not be taken into account in considering his application to proceed *in forma pauperis* here.  Plaintiff's response to the Court's Order (Dkt. # 6), is now before the Court.  Having reviewed Plaintiff's application to proceed *in forma pauperis*, his response, and the balance of the record, the Court recommends that the application be denied and that Plaintiff be directed to make payment of the filing fee in this case directly to the Court Clerk.

**DISCUSSION**

　　　　The court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency.  *See* 28 U.S.C. § 1915(a).  However, the court has broad discretion in denying an application to proceed *in forma pauperis*.  *Weller v. Dickson,* 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963).

　　　　Several district courts have ruled that denial of *in forma pauperis* status is not unreasonable when a prisoner is able to pay the initial expenses required to commence a lawsuit.  *See Temple v. Ellerthorpe*, 586 F.Supp. 848 (D.R.I. 1984); *Braden v. Estelle*, 428 F.Supp. 595 (S.D.Tex. 1977); *U.S. ex rel. Irons v.*

REPORT AND RECOMMENDATION
Page - 1

1   *Com. of Pa.*, 407 F.Supp. 746 (M.D.Pa. 1976); *Shimabuku v. Britton*, 357 F.Supp. 825 (D.Kan. 1973),

2   *aff'd,* 503 F.2d 38 (10th Cir. 1974); *Ward v. Werner*, 61 F.R.D. 639 (M.D.Pa. 1974).

3        On September 25, 2007, the Clerk received Plaintiff's proposed complaint and application to

4   proceed *in forma pauperis*. (Dkt. # 1).  On October 5, 2007, the Court received a Notice of Funds Owed

5   to Plaintiff in the Court's Registry.  (Dkt. # 3).  By this Notice, the Attorney General's office notified the

6   Court that Plaintiff will receive settlement proceeds in Case No. 06-5264 RBL/KLS.  Plaintiff was

7   directed to show cause why the Court should not consider the existence of those settlement funds in

8   determining whether Plaintiff is able to pay the initial expenses required to commence this lawsuit.  (Dkt.

9   # 5).

10        In his response to the Court's order to show cause, Plaintiff requests that the Court deduct its

11   required filing fees for this action from the settlement funds he acquired in Case No. 06-5264RBL/KLS.

12   (Dkt. # 6).  However, the funds in that case were disbursed to Plaintiff's counsel, for the benefit of

13   Plaintiff, by Order dated October 29, 2007.  (Dkt. # 55).  The money awarded to Plaintiff in settlement in

14   that case was $8,257.24 (after deductions for previous debts and before attorney's fees, if any).  (*Id.*).

15        As Plaintiff is able and willing to pay the full $350.00 filing fee in this case, the undersigned

16   recommends that his application to proceed *in forma pauperis* (Dkt. # 1) be denied.  As the funds in Case

17   No. 6-5264RBL/KLS have already been disbursed, Plaintiff's motion to disburse funds from that

18   settlement from the Court's registry to pay the filing fee in this case cannot be granted.  Therefore, the

19   undersigned recommends that the Court direct Plaintiff to pay the filing fee in this case directly to the

20   Court Clerk within thirty (30) days or dismiss this action without prejudice for failure to prosecute.

21                     **CONCLUSION**

22        Because Plaintiff is able to pay the full filing fee in this matter, the undersigned recommends that

23   the Court deny his application to proceed *in forma pauperis* and direct Plaintiff to pay the required

24   $350.00 fee **within thirty (30) days** of the Court's Order.  A proposed Order accompanies this Report

25   and Recommendation.

26        Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall

27   have ten (10) days from service of this Report and Recommendation to file written objections thereto. *See*

28   *also* Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for purposes of

appeal. *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set this matter for consideration on **December 14, 2007**, as noted in the caption.

Dated this  20th  day of November, 2007.


Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 3