UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LENIER AYERS,<br><br>    Plaintiff,<br><br>  v.<br><br>LESLIE SZIEBERT, *et al.*,<br><br>    Defendants. | Case No. C07-5520 RJB/KLS<br><br>ORDER DENYING LEAVE TO SUBSTITUTE AND GRANTING LEAVE TO AMEND |

  Before the Court is Plaintiff's motion to substitute/file an amended complaint. (Dkt. # 16). For the reasons stated below, the Court finds that Plaintiff has failed to set forth a short and plain statement of the claim showing that he his entitled to relief in his proposed amended complaint. Therefore, Plaintiff's motion to substitute the proposed amended complaint for his original complaint is denied. However, Plaintiff is granted leave to amend and Plaintiff is directed to file an amended complaint.

## I. FACTUAL AND PROCEDURAL BACKGROUND

  Plaintiff's Complaint was filed on January 7, 2008 after the Court received payment of his filing fee. (Dkt. # 11).

  In his original Complaint, Plaintiff names Leslie Sziebert, Jeremy Dorfner, Mike Hogan,

ORDER - 1

Henry Richards and Becky Denny as Defendants. *Id.* Plaintiff alleges that he was assaulted by Defendants Dorfner and Hogan in the gym at the Special Commitment Center (SCC). *Id.* Plaintiff alleges that Defendant Richards denied the incident had taken place and ignored Plaintiff's injuries, Defendant Sziebert failed to respond to Plaintiff's complaints about Defendant Dorfner's continued abuse against him, and Defendant Denny denied Plaintiff access to evidence, including video evidence proving Defendant Dorfner's harassment and mental abuse of Plaintiff. *Id.*

The Court issued an Order on January 9, 2008, reminding Plaintiff of is obligation to serve the Complaint on Defendants. (Dkt. # 14).

Plaintiff has now filed a 64 page document entitled "Motion to Substitute/Amend Civil Rights Complaints," in which he seeks to add approximately twenty-five defendants, including unnamed SCC employees, the State of Washington, the Office of the Attorney General, his former attorney, the Department of Social Health Services, and various other individuals. (Dkt. # 16). Plaintiff adds new claims, including wrongful detainment, ineffective assistance of counsel, unlawful conviction, and legal malpractice, which appear to be challenges related to Mr. Ayer's commitment at SCC. *Id.*, pp. 9-13. Plaintiff also claims violation of Article 11(2) of the Universal Declaration of Human Rights (*Id.*, p. 15) and that his mother as "Class Petitioner" has also suffered injury (*Id.*, p. 17). On Page 21 of his proposed pleading, Plaintiff lists, without dates, reference or explanation, thirty-one "complaints" of unidentified DSHS and SCC employees who allegedly subjected Plaintiff to a pattern of abuse. *Id.*, p. 21.

Attached to Plaintiff's proposed pleading are various "exhibits," including pleadings filed in other cases (*i.e.*, motion for unconditional discharge, order for show cause hearing), diagnostic criteria for personality disorders, document entitled "legal malpractice through acts of wilful negligence that has resulted in the abridgement of my due process and equal protection rights, to

ORDER - 2

include prosecutorial misconduct of a judge," and a forensic evaluation by a clinical psychologist.

Plaintiff also filed this identical motion under Case No. C07-5540.  Plaintiff has been ordered to file a second amended complaint in that case by March 14, 2008.  (Dkt. # 30 in Case No. C07-5540).

## II.  DISCUSSION

Pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 15(a), "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Pursuant to Rule 8(a), however, a pleading setting forth a claim for relief, must contain:

(1) A short and plain statement of the grounds upon which the court's jurisdiction depends,

(2) A short and plain statement of the claim showing that the pleader is entitled to relief, and

(3) A demand for judgment for the relief pleader seeks.

Fed. R. Civ. P. 8 (a).

Plaintiff's proposed complaint is sixty-four pages long with numerous attachments that are not referred to within the body of the complaint.  Plaintiff has named over twenty-five Defendants but does not identify what claims are being brought against which Defendants.  While the Court liberally interprets pro se litigant pleadings, it should not be placed in the position of guessing what claims Plaintiff is attempting to bring or in supplying elements of claims not plead.  See, e.g., *Pena v. Gardner*, 976 F.2d 769, 471 (9th Cir. 1992)

In addition, it appears Plaintiff is claiming damages for the time he has spent at SCC.  When a person is challenging the very fact or duration of his physical confinement, and the relief he seeks will  determine that he is or was entitled to immediate release or a speedier release from that confinement, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475,

ORDER - 3

500 (1973).  "Even a prisoner who has fully exhausted available state remedies **has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.**" *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)(emphasis added)

It also appears that Plaintiff is attempting to bring a petition for writ of habeas within this Section 1983 case.  (Dkt. # 16, pp. 22-23) ("All grounds for relief raised in this . . . petition for writ of habeas corpus have previously been presented to the Washington Supreme Court. . . . Wherefore, Petitioner Ayers prays that the court issue a writ of Habeas Corpus to have Petitioner . .. discharged from his unconstitutional conviction.") *Id*.  Plaintiff is advised that pleadings regarding habeas have no place in this Section 1983 action and will be stricken.

Plaintiff is advised that in order to state a claim under 42 U.S.C. § 1983, a complaint must allege that the conduct complained of was committed by a person acting under color of state law and that the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present.  *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

Plaintiff must also allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982).

ORDER - 4

Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Id*. While the court can liberally construe plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena*, 976 F.2d at 471 (*quoting Ivey v. Board of Regents of Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982)).

Thus, Plaintiff must set out sufficient facts outlining his causes of action against each named Defendant. Plaintiff should set out what each Defendant did, how that conduct violated Plaintiff's constitutional right or rights, how that Defendant's conduct injured him, and what remedies Plaintiff seeks for that conduct. Plaintiff should also include a prayer for relief and a jurisdictional section.

Accordingly, it is **ORDERED:**

(1)     Plaintiff shall file an amended complaint, entitled "Amended Complaint." The Amended Complaint will act as a complete substitute for the original complaint (Dkt. # 11) in this action. To aid Plaintiff, the Clerk shall send Plaintiff a 1983 civil rights complaint for prisoners. (Plaintiff may insert that he is a civil detainee and not a prisoner and use this form is he wishes to do so.)

(2)     **Plaintiff is advised that the Amended Complaint must set forth his causes of action separate and distinct from those that he is asserting in Case No. C07-5540RBL. Plaintiff is warned that the Court will not accept identical complaints in both cases. If Plaintiff is pleading identical causes of action in both cases, one case may be dismissed or the cases may be consolidated.**

(3)     Plaintiff is further advised that his amended complaint shall not contain any attachments, pleadings from other cases, newspaper articles, or statements from non parties. Plaintiff is warned that if this pleading does not comply with Fed. R. Civ. P. 8 (a) the court will

ORDER - 5

recommend dismissal of this action. The amended complaint will be due **April 4, 2008.**

(4)   Accordingly, Plaintiff's motion to substitute his complaint as proposed (Dkt. # 16) is **DENIED**.  Leave to amend is **GRANTED as set forth above**.

DATED this  5th   day of March, 2008.

*[signature]*
Karen L. Strombom
United States Magistrate Judge

ORDER - 6