UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LENIER AYERS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LESLIE SZIEBERT, *et al.*,<br><br>　　　　Defendants. | Case No. C07-5520 RJB/KLS<br><br>REPORT AND RECOMMENDATION<br><br>**Noted For: April 18, 2008** |

Before the Court is Plaintiff's "Supplement/Response" (Dkt. # 18), seeking injunctive relief. After careful review of the motion, and balance of the record, the undersigned recommends that the motion be denied.

### I. Relief Requested

Plaintiff seeks an injunction ordering Defendants to remove him from an "IMU type cell that has a prison handcuff port on it" where he is only allowed to come out four hours per day. (Dkt. # 18). Plaintiff claims that he is being housed in this unit as a litigation strategy to invoke emotional distress and divert his attention from his pending litigation. *Id.*, p. 2.

### II. Procedural Background

None of the Defendants have been served in this matter. Plaintiff's Complaint was filed on January 7, 2008 after the Court received payment of his filing fee. (Dkt. # 11). In his original Complaint, Plaintiff names Leslie Sziebert, Jeremy Dorfner, Mike Hogan, Henry Richards and

REPORT AND RECOMMENDATION - 1

Becky Denny as Defendants. *Id.* Plaintiff alleges that he was assaulted by Defendants Dorfner and Hogan in the gym at the Special Commitment Center (SCC). *Id.* Plaintiff alleges that Defendant Richards denied the incident had taken place and ignored Plaintiff's injuries, Defendant Sziebert failed to respond to Plaintiff's complaints about Defendant Dorfner's continued abuse against him, and Defendant Denny denied Plaintiff access to evidence, including video evidence proving Defendant Dorfner's harassment and mental abuse of Plaintiff. *Id.*

The Court issued an Order on January 9, 2008, reminding Plaintiff of his obligation to serve the Complaint on Defendants as he is not proceed *pro se* in this matter. (Dkt. # 14). Plaintiff then filed a 64 page document entitled "Motion to Substitute/Amend Civil Rights Complaints," in which he sought to add approximately twenty-five defendants, including unnamed SCC employees, the State of Washington, the Office of the Attorney General, his former attorney, the Department of Social Health Services, and various other individuals. (Dkt. # 16). Plaintiff also sought to add new new claims, including wrongful detainment, ineffective assistance of counsel, unlawful conviction, and legal malpractice, which appeared to be challenges related to Mr. Ayer's commitment at SCC. *Id.*, pp. 9-13. Plaintiff also claimed violation of Article 11(2) of the Universal Declaration of Human Rights (*Id.*, p. 15) and that his mother as "Class Petitioner" has also suffered injury (*Id.*, p. 17). Plaintiff attached various "exhibits," including pleadings filed in other cases.[1]

On March 5, 2008, Plaintiff's motion to substitute was denied and he was granted leave to file an amended complaint on or before April 4, 2008. (Dkt. # 17). That deadline has not yet passed.

On January 18, 2008, Plaintiff filed a "Response" to General Order 07-04, requesting that

---

[1] Plaintiff filed this identical motion under Case No. C07-5540. In that case, Plaintiff was ordered to file a second amended complaint in that case by March 14, 2008. (Dkt. # 30 therein). A report and recommendation noted for April 18, 2008 recommends that Plaintiff's action be dismissed without prejudice. (Dkt. # 39 therein).

REPORT AND RECOMMENDATION - 2

the Court perfect service upon defendants. (Dkt. # 15). Plaintiff did not file his request in the form of a motion or note his request for the Court's consideration and it has only recently come to the Court's attention. By separate Order, Plaintiff's "response" has been denied.

## II. STANDARD OF REVIEW

The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). When seeking injunctive relief, the moving party must show either (1) a likelihood of success on the merits and the possibility of irreparable injury or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the movant's] favor." *See Nike, Inc. v. McCarthy*, 379 F.3d 576, 580 (9th Cir. 2004)(quoting *Gilder v. PGA Tour, Inc.*, 936 F.2d 417, 422 (9th Cir. 1991)) (internal quotations omitted). "These two alternatives represent extremes of a single continuum, rather than two separate tests. Thus, the greater the relative hardship to [the movant], the less probability of success must be shown." *See Walczak v. EPL Prolong, Inc.*, 198 F.3d 725, 731 (9th Cir. 1999) (internal quotations omitted). Under either test, the movant bears the burden of persuasion. *Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857, 869 (9th Cir. 2003).

## III. DISCUSSION

Plaintiff claims that he has been placed in an IMU type cell that has a prison handcuff port on it and is only allowed to come out four hours per day. (Dkt. # 18, p. 2). Plaintiff claims that Defendant Sziebert and Program Area Manager Wienberg[2] placed him in the IMU in a very loud part of the housing unit, where he must listen to slamming doors and people showering all hours of the day and night in the adjoining unit shower, even though Defendant Sziebert is professionally aware that Plaintiff suffers from noise stress. *Id.*, p. 5.

---

[2] Mr. Weinberg is not a named Defendant in this action.

REPORT AND RECOMMENDATION - 3

1     Although he has been allowed all of his personal property, Plaintiff claims that this is
2 extreme punishment and is an exploitive response to an isolated incident where Plaintiff was
3 forced to shove a semi-paralyzed detainee "who purposely ran into [him] and spit in [his] face."
4 *Id*.

5     Plaintiff also claims that he is limited to one 20 minute legal call per day when all other
6 SCC detainees as well as DOC inmates are allowed three 20 minute legal calls. *Id*., p. 6.
7 Plaintiff claims that while in the IMU, he has been forced to go hungry and rapidly lose weight
8 after two and one-half days because he is not allowed enough time to consume his meals. *Id*. He
9 also complains that Defendants have abused SCC administrative isolation by forcing him to
10 remain in the IMU where he will miss filing deadlines and be delayed in picking up his legal mail
11 and in prosecuting his habeas and civil actions. *Id*. In addition, Plaintiff complains that a mail
12 room clerk deliberately returned a $300.00 litigation manual purchased by Plaintiff by return mail
13 to the purchaser. That package was eventually lost and now Plaintiff has to repurchase the
14 manual. *Id*., pp. 3-4.

15     Plaintiff's motion should be denied without reaching the merits because he has failed to
16 serve any of the defendants. Therefore, the Court does not have *in personam* jurisdiction over
17 any of the Defendants and is without authority to provide the requested relief. *See, e.g., Jackson
18 v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) (defendant must be served in accordance with
19 Fed. R. Civ. P. 4 or court has no personal jurisdiction over that defendant).

20     Further, under Federal Rule of Civil Procedure 65(a)(1), no preliminary injunction can be
21 issued without notice to the opposing party.

22     A temporary restraining order may be granted under Rule 65(b), but only if:

23   1)   it clearly appears from specific facts shown by affidavit or by the verified
          complaint that immediate and irreparable injury, loss or damage will result to
24        the applicant before the adverse party or that party's attorney can be heard in
          opposition, and
25

26 REPORT AND RECOMMENDATION - 4

1  2)     the [applicant] certifies to the court in writing the efforts, if any, which have
        been made to give the notice and the reasons supporting the claim that notice
2       should not be required.

3 Fed. R. Civ. P. 65(b).

4       The standard for issuing a temporary restraining order is the same as the standard for

5 issuing a preliminary injunction. *Witman v. Hawaiian Tug & Barge Corp./Young Bros., Ltd.*

6 *Salaried Pension Plan*, 27 F.Supp.2d 1225, 1228 (D. Haw. 1998). Therefore, Plaintiff must

7 demonstrate exposure to a "significant risk of irreparable harm" absent the requested judicial

8 intervention. *Associated General Contractors of California, Inc. v. Coalition for Economic*

9 *Equity*, 950 F.2d 1401, 1410 (9th Cir. 1991); *Caribbean Marine Services Co. v. Baldridge*, 844

10 F.2d 668, 674 (9th Cir. 1988).

11      The Eighth Amendment protects against future harm and supports an injunction if an

12 inmate proves the conditions in the prison are unsafe and life threatening. *Helling v. McKinney*,

13 509 U.S. 25, 33-34 (1993). Plaintiff alleges that he is being held in "an IMU type cell" with a

14 prison handcuff port on it and is only allowed out of the cell for four hours per day. Plaintiff also

15 alleges that he must eat his food in a hasty manner and that the cell in which he is housed is noisy.

16 However, Plaintiff has provided no evidence that the conditions under which he is being held are

17 unsafe and/or life threatening warranting issuance of an ex parte temporary restraining order.

18                            **IV.   CONCLUSION**

19      For the foregoing reasons, the undersigned recommends that Plaintiff's moiton for

20 preliminary injunction (Dkt. # 18) be **denied without prejudice**. A proposed order accompanies

21 this Report and Recommendation.

22      Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure,

23 the parties shall have ten (10) days from service of this Report to file written objections. *See also*

24 Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes

25 of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule

26 REPORT AND RECOMMENDATION - 5

1  72(b), the clerk is directed to set the matter for consideration on **April 18, 2008**, as noted in the
2  caption.

4       DATED this  27th  day of March, 2008.

                                                    /s/ Karen L. Strombom
                                                    Karen L. Strombom
                                                    United States Magistrate Judge

26 REPORT AND RECOMMENDATION - 6